UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JESSICA BATISTA

       Plaintiff,

 -against-

HD DEVELOPMENT OF MARYLAND, INC., HOME DEPOT U.S.A., INC., HOME DEPOT AND UNICO SPRING CORP.

       Defendants.
-------------------------------------------------------------------X

Docket No.

**PETITION FOR REMOVAL OF ACTION UNDER 28 U.S.C. §1446(a) DIVERSITY**

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF NEW YORK**:

**PLEASE TAKE NOTICE** that Defendants, HD DEVELOPMENT OF MARYLAND, INC., ("HD Development") HOME DEPOT U.S.A., INC. ("Home Depot"), and HOME DEPOT (a non-existent entity), hereby submits this Petition for Removal, with full reservation of all defenses, from the Supreme Court of the State of New York, County of Queens, to the United States District Court, EASTERN DISTRICT of New York in accordance with 28 U.S.C. §1446 and respectfully represents as follows:

**PLAINTIFF'S COMPLAINT AND NATURE OF THE ACTION**

1. This action was commenced against HD DEVELOPMENT OF MARYLAND, INC., HOME DEPOT U.S.A., INC., HOME DEPOT, and UNICO SPRING CORP. in the Supreme Court of the State of New York, County of Queens with the Index Number 715795/2021 and was electronically filed on July 12, 2021.

2. Pursuant to 28 U.S.C. §1446(a), a copy of the Summons and Complaint is attached hereto as **Exhibit "A."**

3. In her Complaint, Plaintiff alleges damages from an incident which occurred on October 29, 2020, at the premises located at 112-20 Rockaway Boulevard, Queens, New York. **Exhibit "A".**

4. HD Development of Maryland, Inc. was served on July 21 and 22 2021. Home Depot U.S.A., Inc., was served on July 22, 2021, and July 26, 2021. Unico Spring Corp. was served on July 22, 2021, and July 28, 2021. *Collectively* **Exhibit "B".**

5. On September 1, 2021, HD Development of Maryland, Inc. and Home Depot filed its Answer. **Exhibit "C".**

6. On September 7, 2021, Unico Spring Corp. filed its Answer. **Exhibit "D".**

7. On February 10, 2022, a partial stipulation of discontinuance as to Unico Spring Corp. only was filed with the Court. **Exhibit "E".**

## DIVERSITY JURISDICTION IS PROPER

8. No further proceedings have been had in the Supreme Court of the State of New York, County of Queens, as of the date of the filing of this Petition for Removal.

9. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §1332. The Complaint alleges a matter in controversy, which, if liability is established, is reasonably probable to exceed the sum or value of $75,000, exclusive of interest and costs and complete diversity of citizenship exists between Plaintiff and the remaining Defendants, HD DEVELOPMENT OF MARYLAND, INC., HOME DEPOT U.S.A., INC. AND HOME DEPOT U.S.A., INC.

## DIVERSITY EXISTS

10. This firm represents Defendants, HD DEVELOPMENT OF MARYLAND, INC., HOME DEPOT (a non-existent entity) and HOME DEPOT U.S.A., INC., in this action.

11. At the time that this action was filed, HD DEVELOPMENT OF MARYLAND, INC., was and still is a corporation organized and existing under the laws of the State of Maryland and having the principal place of business at 2455 Paces Ferry Road SW, Atlanta, Georgia.

12. At the time that this action was filed, HOME DEPOT U.S.A, INC., was and still is a corporation organized and existing under the laws of the State of Delaware and having the principal place of business at 2455 Paces Ferry Road SW, Atlanta, Georgia.

13. UNICO SPRING CORP. is no longer a party to this action pursuant to the stipulation of discontinuance. **Exhibit "E".**

14. Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." For the purposes of federal diversity jurisdiction, based upon the above, Defendants are not a citizen of the State of New York.

15. The Plaintiff is a citizen of the State of New York, as evidenced by a pre-suit authorization which was provided to Home Depot's third-party administrator indicating her address to be located in Queens, New York along with a medical record indicating her address. **Exhibit "F."**

16. Therefore, this action may be removed to this Court pursuant to 28 U.S.C. §1441.

**THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED**

17. It is reasonably probable that Plaintiff seeks recovery for an amount in excess of $75,000.00, exclusive of interest and costs. Plaintiff alleges in the Complaint that Plaintiff is entitled to damages in the sum which exceeds the sum or value established by 28 USC § 1332(a) (See **Exhibit "A,"** ¶ 32).

18. At the time this action was filed, diversity did not exist. UNICO SPRING CORP. was a domestic corporation with its principal place of business in New York. On February 10,

2022, the parties executed a partial stipulation of discontinuance as to UNICO SPRING CORP. only.

19. Since diversity now exists, Defendants can remove within 30 days.

20. In her Complaint, Plaintiff alleged that she was caused to sustain "serious, harmful and permanent injuries, has been and will be caused great bodily injuries and pain, shock, mental anguish; has been and is informed and verily believes may be permanently injured; has and will be prevented from attending to usual duties; has incurred and will incur great expense for medical care and attention." (See **Exhibit A, ¶ 31).**

21. HD Development of Maryland, Inc. and Home Depot submits that the (1) allegations of the Complaint proves that the value will reasonably exceed the jurisdictional threshold. *United Food & Commercial Workers Union, Local 919, AFL-CIO v CenterMark Properties Meriden Square, Inc.,* 30 F.3d 298, 305 (2d Cir. 1994)(quoting *Tongkook Am, Inc. v. Shipton Sportswear Co.,* 14 F.3d 781, 784 (2d Cir. 1994).

22. HD Development of Maryland, Inc. and Home Depot reserves its rights to contest the nature and extent of liability of Plaintiff's damages. Nevertheless, if liability is ever established, the allegation that Plaintiff sustained serous personal injuries, if proven, may convince a trier of fact to award such injured Plaintiff an amount in excess of $75,000.00.

## REMOVAL IS TIMELY

23. Pursuant to 28 U.S.C. §1446(b), which provides that a Notice of Removal shall be filed within thirty (30) days after receipt by defendant, by service or otherwise, of the initial pleading or of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. Based on the aforementioned facts, this Petition for Removal is timely filed.

## NOTICE

24.     Pursuant to 28 U.S.C. §1446, a copy of this Notice of Removal is being filed with the Supreme Court of the State of New York, County of Queens.

## VENUE IS PROPER

25.     The United States District Court for the EASTERN DISTRICT of New York includes the county in which the state court action was pending (Queens County) and thus, pursuant to 28 U.S.C. §124(b)(2), venue is proper.

## RESERVATION OF DEFENSES AND RIGHTS

26.     HD Development of Maryland and Home Depot reserve all defenses, including, without limitation, the defense of lack of personal jurisdiction.

27.     HD Development of Maryland and Home Depot reserves the right to amend or supplement this Petition for Removal.

28.     If any question arises as to the propriety of the removal of this action, HD Development of Maryland and Home Depot respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

**THEREFORE**, all parties to the Civil Action pending in the Supreme Court of the State of New York, County of Queens, Index No. 715795/2021 are **HEREBY NOTIFIED** pursuant to 28 U.S.C. §1446 and Local Civil Rule 81.1, as follows:

Removal of the Civil Action and all claims and causes of action therein is effected upon the filing of a copy of this Notice of Removal with the Clerk of the State Court pursuant to 28 U.S.C. §1446.  The Civil Action is removed from the State Court to the United States District Court, EASTERN DISTRICT of New York. The parties to the Civil Action shall proceed no further in the State Court.

**WHEREFORE**, Defendants, HD DEVELOPMENT OF MARYLAND, INC., HOME DEPOT U.S.A., INC., and HOME DEPOT (a non-existent entity) prays that this cause of action now pending in the Supreme Court of the State of New York, County of Queens be removed to the United States District Court, EASTERN DISTRICT of New York.

Dated: March 10, 2022

        MCVEY & PARSKY, LLC

        By: _____
        Michael N. Giacopelli (MG 4170)
        Meagan Gabriel (MK 3137)
        *Attorney for Defendants*
        *HD DEVELOPMENT OF MARYLAND, INC.*
        *HOME DEPOT U.S.A., INC. and*
        *HOME DEPOT (a non-existent entity)*
        One Liberty Plaza
        165 Broadway, 23rd Floor
        New York, New York, 10006
        973.520.4340

To:

Simon Hannanian
SUBIN ASSOCIATES, LLP
*Attorneys for Plaintiff*
150 Broadway
New York, New York, 10038
212-285-3800