File #: 32690

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
= = = = = = = = = = = = = = = = = = = = = = = = = = = =X
JESSICA BATISTA,

      Plaintiff(s),

  -against-

HD DEVELOPMENT OF MARYLAND, INC., HOME DEPOT U.S.A., INC., HOME DEPOT AND UNICO SPRING CORP.,

      Defendant(s).

= = = = = = = = = = = = = = = = = = = = = = = = = = = =X

Index No.:
Date of Purchase:

**SUMMONS**

Plaintiff designates
QUEENS
County as the place of trial

The basis of the venue is:
Situs of Occurrence

County of QUEENS

To the above named defendant(s):

  **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's Attorneys within 20 days after the service of this summons exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: New York, New York
   July 8, 2021

                 _____
                 **PETER MAY, ESQ.**
                 SUBIN ASSOCIATES LLP
                 Attorneys for Plaintiff
                 Address and Telephone Number
                 150 Broadway – 23rd Fl
                 New York, New York  10038
                 (212) 285-3800
                 FILE NO.: 32690

Defendants Address:

HD Development of Maryland, Inc.
C/O Corporation Service Company
80 State Street
Albany, NY 12207

Home Depot

112-20 Rockaway Boulevard
South Ozone Park, NY 11420

HD Development of Maryland, Inc.
2455 Paces Ferry Road
Atlanta, GA 30339

Home Depot U.S.A., Inc.
2455 Paces Ferry Road
Atlanta, GA 30339

Unico Spring Corp.
113-04 Rockaway Blvd.
South Ozone Park, NY 11420

FILE #: **32690**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------X
JESSICA BATISTA,                                  **VERIFIED COMPLAINT**

        Plaintiff(s),

-against-

HD DEVELOPMENT OF MARYLAND, INC., HOME
DEPOT U.S.A., INC., HOME DEPOT AND UNICO SPRING
CORP.,

        Defendant(s).
------------------------------------------------------------------X

Plaintiff, **JESSICA BATISTA**, by her attorneys, **SUBIN ASSOCIATES LLP,** as and for a cause of action alleges, upon information and belief, as follows:

1. That at all the times herein mentioned, and more particularly 10/29/2020, 112-20 Rockaway Boulevard, was and still is a public roadway in the Borough of Queens, County of Queens, City and State of New York which consisted of a roadway and sidewalks thereat.

2. That said sidewalks were public thoroughfares along and over which the public at large had a right to walk.

3. That at all the times herein mentioned, the defendant HD DEVELOPMENT OF MARYLAND, INC., was and still is a corporation doing business in the State of New York.

4. That at all times herein mentioned, the defendant HD DEVELOPMENT OF MARYLAND, INC., was the owner of the premises located at 112-20 Rockaway Blvd, Queens, NY.

5. That at all the times herein mentioned, the defendant HD DEVELOPMENT OF MARYLAND, INC., its agents, servants and/or employees operated the aforementioned premises and the abutting sidewalks.

6. That at all the times herein mentioned, the defendant HD DEVELOPMENT OF MARYLAND, INC., its agents, servants and/or employees maintained the aforementioned premises and the abutting sidewalks.

7. That at all the times herein mentioned, the defendant HD DEVELOPMENT OF MARYLAND, INC., its agents, servants and/or employees managed the aforementioned premises and the abutting sidewalks.

8. That at all the times herein mentioned, the defendant HD DEVELOPMENT OF MARYLAND, INC., its agents, servants and/or employees controlled the aforementioned premises and the abutting sidewalks.

9. That at all the times herein mentioned, the defendant HOME DEPOT U.S.A., INC., was and still is a corporation doing business in the State of New York.

10. That at all the times herein mentioned, the defendant HOME DEPOT U.S.A., INC., was the owner of the premises located at 112-20 Rockaway Boulevard, Queens, New York.

11. That at all the times herein mentioned, the defendant HOME DEPOT U.S.A., INC., its agents, servants and/or employees operated the aforementioned premises and the abutting sidewalks.

12. That at all the times herein mentioned, the defendant HOME DEPOT U.S.A., INC., its agents, servants and/or employees maintained the aforementioned premises and the abutting sidewalks.

13. That at all the times herein mentioned, the defendant HOME DEPOT U.S.A., INC., its

agents, servants and/or employees managed the aforementioned premises and the abutting sidewalks.

14. That at all the times herein mentioned, the defendant HOME DEPOT U.S.A., INC., its agents, servants and/or employees controlled the aforementioned premises and the abutting sidewalks.

15. That at all the times herein mentioned, the defendant HOME DEPOT, was and still is a corporation doing business in the State of New York.

16. That at all the times herein mentioned, the defendant HOME DEPOT, was and still is a partnership doing business in the State of New York.

17. That at all the times herein mentioned, the defendant HOME DEPOT, was the owner of the premises located at Home Depot, 112-20 Rockaway Boulevard, Queens, New York.

18. That at all the times herein mentioned, the defendant HOME DEPOT, its agents, servants and/or employees operated the aforementioned premises and the abutting sidewalks.

19. That at all the times herein mentioned, the defendant HOME DEPOT, its agents, servants and/or employees maintained the aforementioned premises and the abutting sidewalks.

20. That at all the times herein mentioned, the defendant HOME DEPOT, its agents, servants and/or employees managed the aforementioned premises and the abutting sidewalks.

21. That at all the times herein mentioned, the defendant HOME DEPOT, its agents, servants and/or employees controlled the aforementioned premises and the abutting sidewalks.

22. That at all the times herein mentioned, the defendant UNICO SPRING CORP., was and still is a corporation doing business in the State of New York.

23. That at all the times herein mentioned, the defendant UNICO SPRING CORP., was the owner of the premises located at Home Depot, 112-20 Rockaway Boulevard, Queens,

New York.

24. That at all the times herein mentioned, the defendant UNICO SPRING CORP., its agents, servants and/or employees operated the aforementioned premises and the abutting sidewalks.

25. That at all the times herein mentioned, the defendant UNICO SPRING CORP., its agents, servants and/or employees maintained the aforementioned premises and the abutting sidewalks.

26. That at all the times herein mentioned, the defendant UNICO SPRING CORP., its agents, servants and/or employees managed the aforementioned premises and the abutting sidewalks.

27. That at all the times herein mentioned, the defendant UNICO SPRING CORP., its agents, servants and/or employees controlled the aforementioned premises and the abutting sidewalks.

28. That at all the times herein mentioned, it was the duty of the defendant(s) their agents, servants and/or employees to keep and maintain said SIDEWALKS in a reasonable state of repair and good and safe condition, and not to suffer and permit said premises to become unsafe and dangerous to pedestrians and/or customers.

29. That on or about 10/29/2020, while plaintiff was lawfully walking on the aforementioned sidewalks plaintiff Jessica Batista was caused to fall and sustain multiple injuries by reason of the negligence, carelessness and want of proper care of the defendant(s), their agents, servants and/or employees.

30. That the said incident and resulting injuries to the plaintiff were caused through no fault of her own but were solely and wholly caused by reason of the negligence of the

defendants, their agents, servants and/or employees in that the defendants suffered, caused and/or permitted and/or allowed portions of said sidewalks, to be, become and remain in a dangerous, defective, hazardous, unsafe, broken, cracked, uneven, holey, chipped, depressed, raised, unsmooth, loose condition and was negligently and/or improperly maintained, and same was otherwise so dangerous, hazardous, and/or unsuitable for use by persons lawfully upon the sidewalks constituting a nuisance and a trap, and permitting same to be and remain in such a dangerous and defective condition for a long period and/or unreasonable period of time; in improperly causing, suffering, permitting and/or allowing improper construction of said sidewalks and in failing to properly maintaining said sidewalks, in permitting and allowing defective repairs on said sidewalks, in failing to apprise and/or warn the public and in particular the plaintiff of the aforementioned conditions; in failing to place signs, barricades, warnings and/or other devices to apprise persons of the dangerous, unsafe condition thereat; in generally maintaining said sidewalks in such a dangerous defective and/or unsafe condition so as to cause the incident herein complained of; in creating and maintaining a menace, hazard, nuisance and trap thereat; in failing to comply with the laws, statutes, ordinances and regulations made and provided therefor. Plaintiff further relies on the doctrine of Res Ipsa Loquitur.

31. That by reason of the foregoing, plaintiff was caused to sustain serious, harmful and permanent injuries, has been and will be caused great bodily injuries and pain, shock, mental anguish; has been and is informed and verily believes maybe permanently injured; has and will be prevented from attending to usual duties; has incurred and will incur great expense for medical care and attention; in all to plaintiff's damage in an amount which

exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court.

32. Due to the abovesaid, plaintiff is entitled to damages in the sum which exceeds the sum or value established by 28 USC §1332(a) exclusive of interest and costs.

**WHEREFORE**, the plaintiff demands judgment against the defendant in amounts which exceed the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in amounts to be determined upon the trial of this action, together with the costs and disbursements of this action, and with interest from the date of this accident.

DATED: New York, New York
July 8, 2021

Yours, etc.

_____
**PETER MAY, ESQ.**
SUBIN ASSOCIATES, LLP
Attorneys for Plaintiffs
150 Broadway
New York, New York 10038
(212) 285-3800

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF NEW YORK       )

I, the undersigned, an attorney admitted to practice in the courts of New York State, state under penalty of perjury that I am one of the attorneys for the plaintiff(s) in the within action; I have read the foregoing **SUMMONS AND COMPLAINT** and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe to be true. The reason this verification is made by me and not by my client(s), is that my client(s) are not presently in the County where I maintain my offices. The grounds of my belief as to all matters not stated upon my own knowledge are the materials in my file and the investigations conducted by my office.

Dated: New York, New York
       July 8, 2021

                                                    _____
                                                    **PETER MAY, ESQ.**

Index No:

**SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS**
= = = = = = = = = = = = = = = = = = = = = = = = = = = = =

JESSICA BATISTA,

                              Plaintiff(s),

            -against-

HD DEVELOPMENT OF MARYLAND, INC. , HOME DEPOT U.S.A., INC., HOME DEPOT AND UNICO SPRING CORP.,

                              Defendant(s).

= = = = = = = = = = = = = = = = = = = = = = = = = = = = =

## SUMMONS AND VERIFIED COMPLAINT

= = = = = = = = = = = = = = = = = = = = = = = = = = = = =

**SUBIN ASSOCIATES LLP**
Attorneys for Plaintiff
Office and Post Office Address, Telephone
150 Broadway – 23rd Fl
New York, New York  10038
(212) 285-3800
File No.: 32690